UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMAL ALMULAIKI, and
ABDO ALMULAIKI,

      Plaintiffs,

v.

STATE FARM INSURANCE COMPANY,
a foreign Corporation,

      Defendant.
_____/

CASE NO. 10-11531

HON. AVERN COHN

## MEMORANDUM AND ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (DOC. 10)

### I. Introduction

This is an insurance case. Plaintiffs Amal and Abdo Almulaiki (the Almulaikis) owned an insurance policy on their home at 12909 Buffalo Detroit, MI, issued by defendant State Farm Insurance Company (State Farm). The home caught fire and suffered extensive damage. The Almulaikis filed a claim with State Farm for the value of the home and their destroyed personal property. State Farm denied the claim on the basis that the fire was intentionally set by the Almulaikis and therefore not an insured loss.

Now before the Court is the Almulaikis' motion for partial summary judgment on liability. (Doc. 10). For the reasons that follow, the motion is **DENIED**.

II. Background

A. The Fire

The Almulaikis purchased the home at 12909 Buffalo Detroit, MI 48212 for $28,000 on March 16, 2007 and insured it with a policy from State Farm. At all relevant times, the Almulaikis were current with their insurance premiums. Mr. Almulaiki says he performed extensive renovations to the home, including installing a new roof, carpeting, upgrading the electrical system, and retiling the kitchen.

On March 27, 2009 at approximately 11:30 p.m., the Almulaikis' home caught fire. Responding firefighters found the front door locked and proceeded to force entry.[1] After extinguishing the fire, the Detroit Fire Department identified four points of origin in various locations in the home but did not determine a cause of the fire or determine whether an accelerant was used.

The night of the fire, Mrs. Almulaiki attended a birthday party for her children hosted at the home of her cousin. Mrs. Almulaiki and her three children left the house at approximately 6:00 p.m. State Farm says Mr. Almulaiki instructed Mrs. Almulaiki to stay late at the party.

Mr. Almulaiki works nights as a gas station attendant. He says he took a nap after his wife and children left for the party. According to Mr. Almulaiki, he woke at 8:30 p.m. and left for work, locking the door behind him. Mr. Almulaiki says his neighbor called him at work to alert him that his house was on fire around 11:30 p.m. Mr. Almulaiki says he immediately called the fire department and then called his cousin to check on the safety of his wife and children. Mr. Almulaiki did not leave the gas station;

---

[1] It is not clear if any of the other doors were unlocked.

2

he says that he could not find anyone to cover his shift. Mr. Almulaiki finished work at approximately 5:30 a.m. and then went to his father's house to sleep. He did not see his wife and children until later that day.

The Almulaikis hired a public adjuster to estimate the cost of repair and replacement of their home. The adjuster estimated the cost of repair to the home at $155,103.04 and the replacement cost for personal property lost in the fire at $38,796.96. The Almulaikis made a claim under their homeowner's insurance policy for $193,000. After an investigation, State Farm denied the claim.

## B. The Investigation

State Farm hired Michael Waite, of Rehmann Corporate Investigative Services to conduct an investigation into the origin and cause of the fire. The Almulaikis cooperated with his investigation. Waite determined, like the Detroit Fire Department, the fire had four points of origin. Waite determined this from the irregular burn patterns and isolated charring. Waite also concluded that the burn patterns were consistent with ignition by flammable liquid. Waite collected debris material from the home, which he says tested positive for gasoline. Waite concluded that the fire was intentionally set. The Almulaikis do not dispute that the fire was arson. Instead, the Almulaikis dispute State Farms contention that they had something to do with the fire.

## C. Facts Relevant to Motive

State Farm asserts that the Almulaikis had the motive and the opportunity to set the fire. State Farm points out that the home was locked when firefighters arrived to extinguish the blaze. Further, that the Almulaikis said they were the only ones with keys to the home. State Farm says that the Almulaikis had a financial motive to collect on

their insurance policy because they had financial problems. Mr. Almulaiki worked for minimum wage as a gas station attendant, making between $450-500 per week (working seven days a week). He was the sole breadwinner for a family of five, including his wife and three small children. The Almulaikis received government assistance in the form of food stamps. Further, according to State Farm, the Almulaikis had outstanding credit card debt they could not pay. Finally, the Almulaikis purchased their home for $28,000 and made an insurance claim for close to $200,000.

State Farm also says Mr. Almulaiki behaved unusually the night of the fire. For example, Mr. Almulaiki did not leave work upon learning his house was on fire. When he got off work he did not go to see his home or his wife and children; he went to his father's house to sleep.

### III. Plaintiff's Motion for Partial Summary Judgment

The Almulaikis ask the Court to grant summary judgment on the basis that there are no material facts in dispute that require a trial for resolution and State Farm has failed to produce any evidence of the Almulaikis' participation in the fire. State Farm says the material fact in dispute is whether the Almulaikis burned or facilitated the burning of their home. Further, State Farm says this is a question of fact for resolution by the jury. State Farm asserts the Almulaikis' motion is frivolous and asks the Court to impose sanctions against Almulaikis' counsel under Fed. R. Civ. P. 11(c)(3), Fed. Rule Civ. P. 11(c)[2], or the Court's inherent power.

---

[2] "A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Fed. Rule. Civ. P. 11(c)(2). State Farm has not complied with the requirements for filing a Rule 11 motion for sanctions.

4

IV. Legal Standard

Summary judgment will be granted when the moving party demonstrates that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). There is no genuine issue of material fact when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

The nonmoving party may not rest upon his pleadings; rather, the nonmoving party's response "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Showing that there is some metaphysical doubt as to the material facts is not enough; "the mere existence of a scintilla of evidence" in support of the nonmoving party is not sufficient to show a genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). Rather, the nonmoving party must present "significant probative evidence" in support of its opposition to the motion for summary judgment in order to defeat the motion. Moore v. Philip Morris Co., 8 F.3d 335, 340 (6th Cir. 1993); *see* Anderson, 477 U.S. at 249–50.

V. Discussion

A. Issue of Material Fact

The Almulaikis assert there is no issue of fact for trial because State Farm has not produced evidence that implicates them in the arson. State Farm replies that the circumstantial evidence outlined in section II(C), *supra* is more than sufficient to sustain the affirmative defense of arson. Moreover, Michigan law is well settled on this issue.

5

"In order to establish an arson defense under Michigan law, the insurer need only show that the fire was of incendiary origin and that the insured had both motive and opportunity to set it." Fitzgerald v. Great Cent. Ins. Co., 842 F.2d 157, 158-59 (6th Cir. 1988) (citing George v. Traveler's Indemnity Co., 265 N.W.2d 59, 62 (Mich. Ct. App. 1978). Each element may be established by circumstantial evidence. Id. (citing Crossley v. Allstate Ins. Co., 362 N.W.2d 760, 762 (Mich. Ct. App. 1984). Financial difficulties paired with insurance and opportunity (access to the building) is sufficient evidence of motive to create a question of fact for the jury. People v.Dorrikas, 92 N.W.2d 305 (Mich. 1958); People v. Bailey, 202 N.W.2d 557 (Mich. Ct. App. 1972).

In similar circumstances to the present case, the Michigan Court of Appeals held a question of fact existed where there was an incendiary fire, evidence of financial difficulty and access to the home. Cardinal v. Farmers Mut. Ins. Co., case no. 293805, 2011 WL 2022948 (Mich. Ct. App. 2011). In Cardinal, the credibility of the insured was in controversy, which made summary judgment inappropriate.

State Farm says the evidence is not only sufficient to create a question of fact, it is sufficient to sustain a defense of arson, and sustain a criminal conviction of arson. *See* People v. Horowitz, 37 Mich. App. 151, 194 N.W.2d 375 (Mich. Ct. App. 1971) (upholding a criminal conviction for arson where the fire was intentionally set, the defendants had financial difficulties, and defendants had the opportunity to set the fire).

Neither party disputes that the fire in the Almulaikis' home was incendiary in nature. State Farm says the Almulaikis' had financial problems; in addition to accepting public assistance, they had credit card bills they could not pay. The Almulaikis' dispute this assertion. Finally, State Farm says there is circumstantial evidence of opportunity.

The home was locked when firefighters arrived and the Almulaikis' say no one else had keys. State Farm has offered evidence of the incendiary nature of the fire and that the Almulaikis had motive and opportunity.

Whether or not the Almulaikis started the fire turns on the credibility of the Almulaikis, a determination reserved for the jury. People v. Givans, 227 Mich. App. 113, 124, 575 N.W.2d 84, 89 (Mich. Ct. App. 1997). The question of whether the Almulaikis set the fire is an issue of material fact that requires a trial for resolution.

### B.  Sanctions

#### 1.  28 U.S.C. §1927

State Farm says that the Almulaikis' counsel brought the motion for summary judgment in bad faith and with knowledge that it lacked a factual basis. State Farm asks the Court to sanction the Almulaikis' attorney. The Court may impose sanctions under 28 U.S.C. §1927 when an attorney "so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." §1927.[3]

Conduct deserving of sanctions typically involves some abuse of the legal process. Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater, 465 F.3d 642 (6th Cir. 2006). Courts employ §1927 to punish aggressive tactics that far exceed zealous advocacy. See Jones v. Continental Corp., 789 F.2d 1225, 1230-31 (6th Cir.1986). The Almulaikis' filing the present motion does not abuse the legal process or

---

[3] State Farm argues in the alternative that the Court should impose sanctions under Fed. Rule Civ. P. 11(c) or the Court's inherent powers.

7

exceed the bounds of zealous advocacy. As such, sanctions under §1927 are not warranted.

### 2. Rule 11

The Court also has the power to sanction under Fed. Rule Civ. P. 11. The standard for a violation under Rule 11 is one of objective reasonableness. Morris v. Wachovia Securities, Inc., 448 F.3d 268, 277 (4th Cir. 2006). Rule 11 sanctions may be imposed if a reasonable inquiry discloses the motion not grounded in fact. Herron v. Jupiter Transp. Co., 858 F.2d 332, 335 (6th Cir.1988). State Farm accuses the Almulaikis of filing a motion asserting there are no material facts in dispute where there are plainly factual issues which require a trial. The Almulaikis' purpose in bringing the motion, according to State Farm, is to increase the costs of the litigation.

The decision to award sanctions falls within the discretion of the Court. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384 (1990). That award of sanctions under Rule 11 is reviewed for abuse of discretion. Id. at 385. The Sixth Circuit cautions, "[a] district court must keep in mind that while "the grounds for sanctions ... are designed to improve the litigation process, improvement cannot come at the expense of vigorous advocacy." Rathbun v. Warren City Schools (In re Ruben), 825 F.2d at 977, 984 (6th Cir. 1987)." The Almulaikis' motion for summary judgment is it is within the bounds of vigorous advocacy. Thus, the Court declines to award sanctions under Rule 11 or the Court's inherent power.

VI. Conclusion

For the reasons stated above the Almulaikis' motion for partial summary judgment is **DENIED**.

**SO ORDERED.**

Dated: November 21, 2011                                s/Avern Cohn
                                                        AVERN COHN
                                                        UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, Monday, November 21, 2011, by electronic and/or ordinary mail.

                                                        s/Julie Owens
                                                        Case Manager, (313) 234-5160

9