UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMAL ALMULAIKI and
ABDO ALMULAIKI,

    Plaintiffs,

                                        Case No.  10-11531
-vs-                                                Hon:  AVERN COHN

STATE FARM INSURANCE COMPANY,

    Defendant.

_____/

**MEMORANDUM AND ORDER DENYING
PLAINTIFFS' MOTION FOR JUDGMENT AS A MATTER OF LAW,
OR ALTERNATIVELY, FOR A NEW TRIAL (DOC. 23)[1]**

I.

A.

This is a fire insurance case tried to a jury.  Plaintiffs, Amal Almulaiki and Abdo Almulaiki (the Almulaikis) had an insurance policy on their house written by defendant, State Farm Insurance Company (State Farm).  The house caught fire and suffered extensive damage.  The Almulaikis filed a claim with State Farm.  State Farm denied the claim on the basis that the fire was intentionally set by the Almulaikis, and therefore was not an insured loss.  After a two (2) day trial, the jury said:

> We. . .find by a preponderance of the evidence that Amal and Abdo Almulaiki either intentionally set fire to the house, or knowingly, with their consent, procured another person to set fire to the house at 12909 Buffalo Detroit, MI.

---

[1] The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

The parties agreed that the issue of damages would be tried to the Court.

B.

Now before the Court is the Almulaikis'

> Motion For Judgment As A Matter Of Law, Or Alternatively, For A New Trial

For the reasons which follow, the motion is DENIED.

II.

As recently stated by the Court of Appeals for the Sixth Circuit in *Slasinski v. Confirma, Inc.*, 2012 WL 181390 (Mich. Jan. 23, 2012):

> In considering a motion for a new trial, 'district courts are not free to re-weigh the evidence and set aside the jury verdict merely because the jury could have drawn different inferences or conclusions or because the judge feels that other results are more reasonable' [*Barnes v. Owens-Corning Fiberglass Corp.*, 201 F3d 815, 821 (6th Cir. 2000)]. Rather, a new trial should be granted only if, in light of the evidence, no reasonable juror could reach the challenged verdict. *Id* at 820-21.

and

> In Michigan courts 'the standard of review for judgment notwithstanding the verdict requires review of the evidence and all legitimate inferences in the light most favorable to the non-moving party' [*Mannix v. County of Monroe*, 348 F3d 526,532 (6th Cir. 2003)]. If after such review the evidence could reasonably be said to support more than one conclusion, the jury verdict must stand [*Zantel Marketing Agency v. Whitesell Corp.*, 696 NW2d 735, 740 (Mich. Ct. App. 2005)

III.

A.

At trial, witnesses called by State Farm, which had the burden of proof, were:

- Amal Almulaiki - plaintiff

- Michael Waite - an expert in cause and origin of fires
- Kristen Braun - an adjuster for State Farm

At trial, witnesses called by the Almulaikis were

- Nashwan Quray - a cousin of Amal Almulaiki
- Moufadel Halmme - an uncle of Amal Almulaiki

B.

Exhibits introduced in evidence at trial by State Farm were:

- Individual income tax returns of the Almulaikis
- Credit card records and the like of the Almulaikis
- A quit claim deed to the house
- A diagram of the points of origin of the fire
- A laboratory report of material at the points of origin of the fire
- Photographs
- An incident report of the Detroit Fire Department

C.

The proofs at trial were as follows:

The fire was reported to the Detroit Fire Department at 11:30 pm on March 27, 2009. It originated at four (4) separate and unrelated areas inside the house. An odor of gasoline inside the house was detected by Waite during his examination. Gas chromatographic analysis of debris confirmed the presence of gasoline in each of the four (4) areas. Waite expressed the opinion which was not challenged that the fires were intentionally set in the vapors of gasoline.

The Almulaikis were the only persons who had keys to the house. The house was

locked and secured when both left it in the early evening. The incident report of the Detroit Fire Department states that the premises was secure when fire fighters arrived, and forcible entry was necessary to get inside the house. The windows of the house were closed. There were no smoke and/or soot patterns outside any door or window. There was no evidence of forcible entry to the house other than by the firefighters. From the evidence, it was fair to conclude that whoever started the fire accessed the house with a key.

Mrs. Almulaiki was the first to leave the house in the evening. She and her two (2) children walked to an uncle's house for a birthday party where they stayed all that night.

Mr. Almulaiki left the house last, locking the door when he left.

Mr. Almulaiki worked the night shift at a service station. He received a call late in the evening from a neighbor stating that his house was burning. He did not leave work or call Mrs. Almulaiki. He called a cousin and asked that the cousin check on the house and call his wife. The cousin went to the house of the uncle to tell Mrs. Almulaiki of the fire.

Mr. Almulaiki stayed at work. At 5:00 am he left work. He went to his father's house to sleep.

The Almulaikis had a limited income; only Mr. Almulaiki worked. They also were food stamp recipients. The Almulaikis had a significant amount of credit card debt, as well as open accounts with several retailers which were in collection on March 27, 2009.

The estimated insurable loss was over $190,000.00.

IV.

A.

The jury was instructed in part as follows:

> There are, generally speaking, two types of evidence from which a jury may properly find the truth as to the facts of a case. One is direct evidence – such as the testimony of an eyewitness. The other is indirect or circumstantial evidence – the proof of a chain of circumstances pointing to the existence or non-existence of certain facts.
>
> As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that the jury find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.
>
> * * *
>
> As the sole judges of the facts, you must determine which of the witnesses you believe, what portion of their testimony you accept and what weight you attach to it.
>
> * * *
>
> The law does not, however, require you to accept all of the evidence I have admitted, even though it be competent. In determining what evidence you will accept you must make your own evaluation of the testimony given by each of the witnesses, and determine the degree of weight you choose to give to his or her testimony. * * * There is no magical formula by which one may evaluate testimony. You, as jurors, bring with you to this courtroom all of the experience and background of your lives. In your everyday affairs you determine for yourselves the reliability or unreliability of statements made to you by others. The same tests that you use in your everyday dealings are the tests which you apply in your deliberations.

B.

The jury was further instructed as follows:

> State Farm Insurance Company has admitted that Amal & Abdo Almulaiki purchased a fire insurance policy insuring the dwelling located at 12909 Buffalo Detroit, MI and that this insurance was in effect on March 27, 2009, the date of the fire in question. State Farm Insurance Company has also admitted that Amal & Abdo Almulaiki submitted a claim of loss for the damage that occurred to the dwelling and its contents as a

5

result of the fire. State Farm Insurance Company is therefore obligated to pay on the insurance policy unless it shows by a preponderance of the evidence that it is excused from payment.

State Farm Insurance Company asserts that the fire which occurred at 12909 Buffalo Detroit, MI was not accidental and was intentionally set or arranged to be set by the plaintiffs Amal & Abdo Almulaiki, or that they knew of and consented to the setting of the fire for the purpose of collecting insurance proceeds under the policy issued by State Farm. If State Farm Insurance Company has proven this by a preponderance of the evidence, it is excused from payment.

The act of setting a fire is peculiarly one of secrecy, and in determining whether Amal & Abdo Almulaiki set or arranged the setting of the fire you may consider every fact and circumstance including motive and opportunity which tends to establish or not establish their involvement.

If you find after consideration of all the evidence whether it be direct or circumstantial, that State Farm Insurance Company has established by a preponderance of the evidence that Amal & Abdo Almulaiki set or arranged the setting of the fire or that they knew and consented to the setting of the fire, your verdict will be in favor of State Farm. On the other hand, if you find, after consideration of all of the evidence whether it be direct of [sic] circumstantial, that State Farm has not established by a preponderance of the evidence that Amal & Abdo Almulaiki set or arranged the setting of the fire your verdict will be for Amal & Abdo Almulaiki.

V.

A.

As to the Court's evaluation of the merits of the Almulaikis' motions and State Farm's responses, what it said in denying the Almulaikis' motion for partial summary judgment on liability is pertinent to its denial here:

> The Almulaikis assert there is no issue of fact for trial because State Farm has not produced evidence that implicates them in the arson. State Farm replies that the circumstantial evidence

outlined in section II(C), *supra*, is more than sufficient to sustain the affirmative defense of arson. Moreover, Michigan law is well settled on this issue.

> "In order to establish an arson defense under Michigan law, the insurer need only show that the fire was of incendiary origin and that the insured had both motive and opportunity to set it." *Fitzgerald v. Great Cent. Ins. Co.*, 842 F.2d 157, 158-59 (6th Cir. 1988) (citing *George v. Traveler's Indemnity Co.*, 81 Mich. App. 106, 265 N.W.2d 59, 62 (Mich. Ct. App. 1978). Each element may be established by circumstantial evidence. *Id.* (*Citing Crossley v. Allstate Ins. Co.*, 139 Mich. App. 464, 362 N.W.2d 760, 762 (Mich. Ct. App. 1984)). Financial difficulties paired with insurance and opportunity (access to the building) is sufficient evidence of motive to create a question of fact for the jury. *People v. Dorrikas*, 354 Mich. 303, 92 N.W.2d 305 (Mich. 1958); *People v. Bailey*, 42 Mich. App. 359, 202 N.W.2d 557 (Mich. Ct. App. 1972).

In similar circumstances to the present case, the Michigan Court of Appeals held a question of fact existed where there was an incendiary fire, evidence of financial difficulty and access to the home. *Cardinal v. Farmers Mut. Ins. Co.*, Case No. 293805, 2011 WL 2022948 (Mich. Ct. App. 2011). In *Cardinal*, the credibility of the insured was in controversy, which made summary judgment inappropriate.

State Farm says the evidence is not only sufficient to create a question of fact, it is sufficient to sustain a defense of arson, and sustain a criminal conviction of arson. *See People v. Horowitz*, 37 Mich. App. 151, 194 N.W.2d 375 (Mich. Ct. App. 1971) (upholding a criminal conviction for arson where the fire was intentionally set, the defendants had financial difficulties, and defendants had the opportunity to set the fire).

Neither party disputes that the fire in the Almulaikis home was incendiary in nature. State Farm says the Almulaikis had financial problems; in addition to accepting public assistance, they had credit card bills they could not pay. The Almulaikis dispute this assertion. Finally, State Farm says there is circumstantial evidence of opportunity. The home was locked when firefighters arrived and the Almulaikis say no one else had keys. State Farm has offered evidence of the incendiary

> nature of the fire and that the Almulaikis had motive and opportunity.
>
> Whether or not the Almulaikis started the fire turns on the credibility of the Almulaikis, a determination reserved for the jury. *People v. Givans*, 227 Mich. App. 113, 124, 575 N.W.2d 84, 89 (Mich. Ct. App. 1997). The question of whether the Almulaikis set the fire is an issue of material fact that requires a trial for resolution.

*Almulaiki v. State Farm Ins. Co.*, 2011 WL 5838232 (E.D. Mich. Nov. 21, 2011).

B.

A reasonable juror, in light of the evidence, could find that both of the Almulaikis either intentionally set fire to the house, or knowingly with consent procured another person to set fire to the house. Likewise, the evidence could reasonably be said to suggest more than one (1) conclusion. Under the circumstances of the proofs in this case, the Court cannot say either that the Almulaikis should have the opportunity to have a second jury decide whether or not they bore any responsibility for the fire, or that State Farm did not meet its burden of proving that it ought not pay on the policy of insurance it wrote.

C.

Additionally, pertinent to the consideration of the Almulaikis' motion is the following comment in Charles Alan Wright, et al., *Federal Practice and Procedure: Civil*, 2d §2531 (2d ed. 1995):

> The contrasts between the two motions [motion for new trial and motion for judgment as a matter of law] are dramatic. If a motion for a new trial is granted, the case is tried again. If the motion for judgment as a matter of law is granted, the case is at an end. Because of the finality that the latter motion has, it is natural that it should be measured by a far more rigorous standard. On a motion for new trial, the court has a wide discretion to order a new trial whenever prejudicial error has occurred. On a motion for judgment as a matter of law, it has

> no discretion whatsoever and considers only the question of law whether there is sufficient evidence to raise a jury issue. On a motion for new trial the court may consider the credibility of witnesses and the weight of the evidence. On a motion for judgment as a matter of law, it may not.

## VI.

The Almulaikis also assert that they are entitled to a new trial on the grounds the Court abused its discretion by refusing to admit photographs of burned down houses in the Almulaikis' neighborhood. The assertion has no merit. Particularly:

- the photographs were not referenced in the Joint Final Pretrial Order (Doc. 9);

- there was no offer of proof, i.e., the photographs were not marked as exhibits;

- a burned down house standing by itself is not evidence of arson.

SO ORDERED.

      S/Avern Cohn
      AVERN COHN
      UNITED STATES DISTRICT JUDGE

Dated: February 3, 2012

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, February 3, 2012, by electronic and/or ordinary mail.

      S/Julie Owens
      Case Manager, (313) 234-5160